IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLIFTON ANDRE McKINNEY,        §
TDCJ-ID NO. 372881,            §
                               §
          Plaintiff,           §
                               §
v.                             §        CIVIL ACTION NO. H-10-2561
                               §
C. WILLIAMS, et al.,           §
                               §
          Defendants.          §


**MEMORANDUM OPINION AND ORDER**


Clifton Andre McKinney, a convicted felon incarcerated in the Texas Department of Criminal Justice - Institutional Division (TDCJ-CID), has filed a Complaint Under 42 U.S.C. § 1983, Civil Rights Act (Docket Entry No. 1) against members of the TDCJ Parole Division. McKinney argues that the defendants violated his civil rights with regard to a parole revocation for which he is now serving time in prison pursuant to a state felony conviction. The court ordered McKinney to provide additional information about his allegations. After reviewing Plaintiff's More Definite Statement (Docket Entry No. 21) and the complaint, the court has determined that this action should be dismissed as frivolous.


## I. **Facts and Allegations**

McKinney is serving a 25-year sentence for an aggravated kidnaping conviction in Harris County, Texas. He was released on

parole on December 12, 2007.  On June 16, 2010, his parole was revoked based on his failure to report.  (Docket Entry No. 21 at 13)  McKinney filed a motion to reopen the hearing, which was denied on July 7, 2010.  <u>Id.</u> at 15.  However, no appeal or habeas action challenging the revocation was filed.  <u>Id.</u> at 14.  McKinney challenges the validity of the revocation based on his claim that he was coerced and deceived into making his admission that he had failed to report.  <u>Id.</u> at 13-14.

## II.  <u>Analysis</u>

A writ of habeas corpus is the proper remedy for a state inmate challenging the fact of his confinement.  <u>Preiser v. Rodriquez</u>, 93 S. Ct. 1827, 1833 (1973).  Inmates in the Texas prison system challenging a parole revocation are required to file an application for a writ of habeas corpus in the convicting court under Article 11.07 of the Texas Code of Criminal Procedure.  <u>Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.</u>, 910 S.W.2d 481, 483-84 (Tex. Cr. App. 1995).

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of his incarceration pursuant to a criminal conviction and has not shown that the conviction has been overturned on appeal or on a post-conviction petition for a writ of habeas corpus.  <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2372 (1994); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (if a prisoner seeks release from incarceration his "§ 1983

action must be dismissed because his claim would be cognizable only in habeas corpus"). The Fifth Circuit has held that an action attacking the validity of a parole proceeding must satisfy <u>Heck</u> if it calls into question the fact or duration of the confinement. <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995). McKinney's claim that his parole was wrongly revoked falls under the ruling in <u>Heck</u>. <u>Jackson v. Vannoy</u>, 49 F.3d 175, 177 (5th Cir. 1995). Consequently, this action is subject to dismissal unless McKinney shows that the Parole Board's decision has been reversed, expunged, set aside, or called into question. <u>Cronn v. Buffington</u>, 150 F.3d 538, 541 (5th Cir. 1998); <u>Littles v. Board of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th Cir. 1995).

McKinney makes an apparent attempt to circumvent <u>Heck</u> by stating that he seeks a "Judicial Review and Response," implying that he is merely seeking another review of his revocation due to improper procedures. (<u>See</u> Docket Entry No. 21 at 12.) He contends that the judicial review will not necessarily result in his release from custody. <u>Id.</u> There are instances when such claims may be pursued in a civil rights action if the plaintiff is challenging the procedures rather than the outcome of the hearing in question. <u>See</u> <u>Brown v. Dretke</u>, 184 Fed.Appx. 384, 385 (5th Cir. 2006), <u>citing</u> <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242, 1246-49 (2005). However, "[i]f a prisoner challenges a single hearing as constitutionally

defective, he must first exhaust state habeas remedies." <u>Serio v. Members of Louisiana State Bd. of Pardons</u>, 821 F.2d 1112, 1118 (5th Cir. 1987).  McKinney asserts that his rights were violated because he was deceived and coerced into making a statement against his interests.   In other words, what McKinney seeks is a rehearing based on alleged improprieties in his prior parole revocation. <u>Heck</u> applies to applications for injunctive relief in which the applicant seeks a hearing that would affect the legality of his incarceration.  <u>Shaw v. Harris</u>, 116 Fed.Appx. 499, 500 (5th Cir. 2004), <u>citing</u> <u>Kutzner v. Montgomery County</u>, 303 F.3d 339, 340-41 (5th Cir. 2002).  Therefore, McKinney must first seek habeas relief before filing a civil rights complaint.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996), <u>citing</u> <u>Serio</u>.  McKinney admits that he has failed to do this.  (Docket Entry No. 21 at 14)

If McKinney's pleadings had been construed to be a petition for a writ of habeas corpus, this action would be subject to dismissal for failure to exhaust available remedies.  28 U.S.C. § 2254(b)(1); <u>Alexander v. Johnson</u>, 163 F.3d 906, 908-09 (5th Cir. 1998) (habeas petitioners challenging parole revocations must first exhaust state remedies).  However, McKinney has made it clear that he seeks relief under 42 U.S.C. § 1983 and has couched his complaint in terms implying that he seeks redress for denial of due process.  Therefore, this civil rights action will be dismissed as frivolous under <u>Heck</u>.  <u>Littles v. Board of Pardons and Paroles</u>

-4-

<u>Division</u>, 68 F.3d 122, 123 (5th Cir. 1995); <u>Johnson v. Pfeiffer</u>, 821 F.2d 1120, 1123 (5th Cir. 1987) (inmate must pursue his claim initially through habeas corpus when challenging a single allegedly defective parole hearing).

### III.  <u>McKinney's Motions</u>

McKinney has filed a Pro Se Plaintiff's Pleadings of Relief ("Motion for Relief") (Docket Entry No. 25) in which he seeks a court order examining and modifying Texas parole revocation practices.  He also requests monetary damages in compensation for the alleged deprivation of his due process rights.  Although McKinney alleges that the parole process is unconstitutional, he does not provide any specific facts beyond his original allegation that he was somehow tricked into admitting that he failed to report.  His conclusory allegations do not warrant relief. <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"), <u>quoting</u> <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993).

McKinney has also filed a Pro Se Plaintiff's Motion Seeking Discovery (i.e. Disclosure) in which he seeks documentation from the Parole Division relating to the "availability of (a) state level Post [sic] deprivational Re-dress Procedure to address 'unconstitutional' Due-Process claims against defendants." (Docket

-5-

Entry No. 27 at 1)  He also seeks "all documentation, electronic-ally stored information and tangible things, described by category and subject content that Defendants have in their Possession [sic], custody or control and may be used to support their claims of defense against Plaintiff's allegations with-in case number H-10-2561." (Docket Entry No. 27 at 3)  The  motion will be denied because it is overly broad and specifies nothing that would alter this court's finding that this action should be dismissed.  See Stewart v. Winter, 669 F.2d 328, 331-332 (5th Cir. 1982).

## IV.  Conclusion

The court **ORDERS** the following:

1.   The Complaint Under 42 U.S.C. § 1983, Civil Rights Act (Docket Entry No. 1), filed by Inmate Clifton Andre McKinney, TDCJ-CID No. 372881, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

2.   McKinney's Pro Se Plaintiff's Pleadings of Relief (Docket Entry No. 25) and Pro Se Plaintiff's Motion Seeking Discovery (i.e. Disclosure) (Docket Entry No. 27) are **DENIED.**

3.   The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 6th day of May, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE